[Cite as *State v. Wine*, 2013-Ohio-5810.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# PORTAGE COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | **O P I N I O N** |
| Plaintiff-Appellant, | : | |
| - vs - | : | **CASE NO. 2012-P-0120** |
| RICHARD L. WINE, | : | |
| Defendant-Appellee. | : | |

Criminal Appeal from the Portage County Municipal Court, Ravenna Division, Case No. R2011 TRC 16486.

Judgment: Reversed and remanded.

*Victor V. Vigluicci*, Portage County Prosecutor, and *Pamela J. Holder*, Assistant Prosecutor, 241 South Chestnut Street, Ravenna, OH 44266 (For Plaintiff-Appellant).

*Joseph C. Patituce*, Patituce & Associates, LLC, 26777 Lorain Road, Suite 708, North Olmsted, OH 44070 (For Defendant-Appellee).

THOMAS R. WRIGHT, J.

{¶1} This appeal is from an order of the Portage County Municipal Court, Ravenna Division, granting a motion to suppress the results of a breath test performed on an Intoxilyzer 8000. Appellant, the State of Ohio, contends that the trial court erred in allowing appellee, Richard L. Wine, to raise a general attack upon the reliability of the breath test machine.

{¶2} On December 18, 2011, appellee was operating a motor vehicle on State

Route 59 in Portage County when he was stopped by a police officer with the State Highway Patrol. After noticing certain indicia of drunkenness and performing field sobriety tests, the officer placed appellee under arrest and transported him to the local police station, where appellee was required to take a breath test on the Intoxilyzer 8000. Based upon the test results, the officer cited appellee for four traffic offenses, including driving while under the influence of alcohol under R.C. 4511.19(A)(1)(d).

{¶3} Upon entering a plea of not guilty, appellee moved the trial court to suppress the results of the breath test. As one basis for the motion, he claimed that the Intoxilyzer 8000 was generally unreliable and did not produce a result which met the requirements of the Ohio Administrative Code.

{¶4} After the state submitted a response, the trial court held a hearing on the motion to suppress in September 2012. At the outset of this proceeding, the court asked the prosecutor whether the state intended to call any witnesses as to the general reliability of the Intoxilyzer 8000. When the prosecutor answered in the negative, the proceeding essentially ended, with the trial court indicating that a written decision would be issued.

{¶5} In that decision, the trial court rejected the state's contention that appellee was barred from contesting the general reliability of the Intoxilyzer 8000, and expressly held that it had the basic authority to determine the admissibility of the breath test results. Thus, given that the state did not produce any evidence to establish the general reliability of the Intoxilyzer 8000, the trial court ordered the suppression of the breath test results. In light of this, the court also ordered that the state would not be allowed at trial to proceed on the OVI offense under R.C. 4511.19(A)(1)(d).

2

**{¶6}** Before the trial could go forward, the state brought this appeal pursuant to R.C. 2945.67(A) and Crim.R. 12(J), specifically certifying an immediate appeal was needed because the granting of the motion to suppress had rendered it impossible to proceed on the OVI charge under R.C. 4511.19(A)(1)(d). In its brief, the state has asserted one assignment of error for review:

**{¶7}** "The Portage County Municipal Court erred in permitting a general attack on the scientific reliability of the Intoxilyzer 8000 contrary to Ohio statutes and well-established case law."

**{¶8}** Pursuant to this court's en banc judgment and opinion in *State v. Bergman*, 11th Dist. Portage 2012-P-0124, 2013-Ohio-___, appellant's assignment of error has merit. The trial court's judgment is reversed, and remanded for further proceedings.

TIMOTHY P. CANNON, P.J.,

COLLEEN MARY O'TOOLE, J.,

concur.